FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND** MAY 14 AM 10: 57

CLERK'S OFFICE
AT BALTIMORE
BY_____
————DEPUTY

| | | |
|---|---|---|
| **CAROL QUESENBERRY**, Individually | * | |
| 27 Duory Circle | | |
| Milton, Delaware 19968 | * | |
| | | |
| *Plaintiff* | * | |
| | | |
| v. | * | Civil Action No.: **JKB 1 2 CV 1 4 4 0** |
| | | |
| **PENINSULA REGIONAL** | * | |
| **MEDICAL CENTER** | | |
| 100 East Carroll Street | * | |
| Salisbury, Maryland 21801 | | |
| | * | |
| **Serve on**: | | |
| Resident Agent | * | |
| Daniel J. Mulvanny | | |
| Peninsula Regional | * | |
| Medical Center | | |
| 100 East Carroll Street | * | |
| Salisbury, Maryland 21801 | | |
| and | * | |
| | | |
| **MICHAEL S. FELDER, D.O.** | * | |
| 201 Vail Avenue | | |
| Charlotte, North Carolina 28207 | * | |
| | | |
| *Defendants* | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT

Plaintiff, Carol Quesenberry, by her attorneys, E. Dale Adkins, III, Ryan S. Perlin, and

Salsbury, Clements, Bekman, Marder & Adkins, L.L.C., hereby sues Defendants, Peninsula

Regional Medical Center and Michael S. Felder, D.O., and states as follows:

1.     The amount of this claim exceeds $75,000.00.

2.     Venue and jurisdiction over this claim is proper in the United States District Court

for the District of Maryland pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1391.

3.      This case was previously filed in the Health Care Alternative Dispute Resolution Office of Maryland along with a Certificate of Qualified Expert and Report signed by Karl Steinberg, M.D.  Plaintiff elected to waive arbitration.  A copy of Dr. Steinberg's Certificate and Report, the Election to Waive Arbitration, and the Order of Transfer are attached to this Complaint as Exhibits 1, 2, and 3.

4.      Plaintiff has complied with all conditions precedent and all such conditions precedent have been performed or have occurred.

5.      The Plaintiff, Carol Quesenberry, is a resident of the State of Delaware.

6.      At all times hereinafter set forth, the Defendant, Michael S. Felder, D.O. ("Dr. Felder") held himself out to the Plaintiff and to the general public as an experienced, competent, and able physician and health care provider, possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of internal medicine, and as such, owed a duty to the Plaintiff to render that degree of care and treatment which is ordinarily rendered by those who devote special study and attention to the practice of internal medicine.

7.      At all times relevant to this action and hereinafter set forth, the Defendant, Peninsula Regional Medical Center ("PRMC"), was a hospital, medical facility, and health care provider and held itself and its actual and apparent agents, servants, and/or employees out to the Plaintiff and the general public as experienced, competent, and able health care providers, doctors, nurses, wound care specialists, surgeons and medical consultants, that possessed the degree of skill and knowledge ordinarily possessed by those who devote special study and

2

attention to the practices of medicine and nursing and, as such, owed a duty to Plaintiff to render

that degree of care and treatment which is ordinarily rendered by those who devote special study

and attention to the practices of medicine, nursing, and other related studies.

8.     At all times relevant to this action, the Defendant, Michael S. Felder, D.O., was an

agent, apparent agent, servant or employee of PRMC.

9.     At all times relevant to this action, all nurses, nursing assistants, and patient care

technicians who were caring for Ms. Quesenberry during her July to August 2008 hospital

admission to PRMC and who were responsible for caring for Ms. Quesenberry, were agents,

apparent agents, servants and/ or employees of PRMC.

10.    On or about July 28, 2008, Plaintiff, Carol Quesenberry, was 64-years old.  After a

visit to her primary care physician, Ms. Quesenberry was taken by ambulance to the emergency

department at PRMC with complaints of fever, coughing, and shortness of breath.

11.    Upon examination, Ms. Quesenberry was diagnosed as suffering from pneumonia

and acute congestive heart failure.  She was admitted to the intensive care unit at PRMC for

antibiotic therapy, where Michael S. Felder, D.O. became her attending physician.  Dr. Felder

remained Ms. Quesenberry's attending physician until the end of her hospital stay, on August 20,

2008.

12.    Ms. Quesenberry was admitted to PRMC without any decubitus ulcers anywhere

on her body.  However, during her admission, the Defendants failed to adequately supervise Ms.

Quesenberry's health, failed to take any preventive measures to prevent the development and

worsening of decubitus ulcers, and failed to properly provide for the care and welfare of Ms.

Quesenberry.

3

13.     As a result of the Defendants' breaches in the standards of care, Ms. Quesenberry developed decubitus ulcers on her coccyx and heel. The Defendants at PRMC failed to provide any care or treatment for the decubitus ulcers that Ms. Quesenberry developed, and which were identified by members of the PRMC nursing staff in the medical chart.

14.     On August 20, 2008, Ms. Quesenberry was discharged from PRMC to a rehabilitation facility in Delaware. At PRMC, the Delaware facility, and thereafter, Ms. Quesenberry was required to endure significant and lasting pain associated with her decubitus ulcers and was required to undergo repeated painful treatments for her decubitus ulcers, including surgical debridement, wound vacuum therapy, and surgical intervention.

15.     Ms. Quesenberry required significant treatment, in health care facilities and at her home, for over one year as a result of the development and worsening of her wounds, and has never fully recovered from the injuries.

16.     The Defendants, Dr. Felder and PRMC, through their agents, employees, and representatives, breached accepted standards of care in the care and treatment of Ms. Quesenberry and were negligent and careless in the following respects:

a. Failed properly to train and supervise PRMC personnel to provide competent care to Ms. Quesenberry;

b. Failed adequately to supervise and monitor the health and condition of Ms. Quesenberry;

c. Failed to take proper precautions to prevent Ms. Quesenberry from developing decubitus ulcers including, but not limited to, turning and repositioning Ms. Quesenberry at least every two hours and providing an appropriate

4

mattress/bed;

d.  Failed to take proper measures once Ms. Quesenberry's decubitus ulcers had been identified by PRMC staff to prevent worsening of her condition;

e.  Failed to implement and follow appropriate skin care protocol to prevent the development and worsening of decubitus ulcers;

f.  Failed to treat Ms. Quesenberry's decubitus ulcers once they were discovered by Hospital staff;

g.  Failed to notify Ms. Quesenberry or her family of the change in Ms. Quesenberry's condition once it was discovered by Hospital staff;

h.  Failed to obtain a consultation and/or treatment from a wound care team or professional;

i.  Failed to keep proper, timely, and adequate records of Ms. Quesenberry's condition;

j.  Failed to communicate and coordinate a treatment plan with Ms. Quesenberry's health care providers;

k.  Failed to keep Ms. Quesenberry's decubitus ulcer wounds clean, sanitary, and free from infection;

l.  Failed to properly and timely change wound dressings to assist Ms. Quesenberry's decubitus ulcers to heal;

m.  Failed to assess the severity of Ms. Quesenberry's condition and provide specific orders to promote skin care healing;

n.  Failed to follow physician orders;

5

    o.  Violated standards of medical and nursing care applicable to hospitals and

         health care providers;

    p.  Were otherwise careless, reckless, and negligent.

17.     As a direct and proximate result of the negligence of the Defendants, Michael S. Felder, D.O. and Peninsula Regional Medical Center, the Plaintiff, Carol Quesenberry, was caused to suffer and will continue to suffer painful and permanent injuries to her body, was caused to sustain severe mental and emotional anguish and pain and suffering, was caused to incur, and will continue to incur, hospital, medical, and nursing care expenses, and financial losses and damages.

WHEREFORE, Plaintiff, Carol Quesenberry, claims damages in an amount exceeding seventy-five thousand dollars ($75,000.00), with all costs to be paid by Defendants, to be determined by a jury.

_E. Dale Adkins by RSP_
E. DALE ADKINS, III (Bar No. 01425)

_RYAN S. PERLIN_
RYAN S. PERLIN (Bar No. 28040)
SALISBURY, CLEMENTS, BEKMAN,
      MARDER & ADKINS, L.L.C.
300 West Pratt Street, Suite 450
Baltimore, Maryland  21201
410-539-6633
adkins@scbmalaw.com
perlin@scbmalaw.com

*Attorneys for Plaintiff*